**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WILLIAM A. HELLMAN,**

    **Plaintiff,**

    v.

    Civil Action 2:11-cv-1138
    Judge George C. Smith
    Magistrate Judge Deavers

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

Plaintiff, William A. Hellman, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income. This matter is before the Court for consideration of the February 13, 2013 Report and Recommendation of the United States Magistrate Judge (ECF No. 18), Plaintiff's Objections to the Report and Recommendation (ECF No. 19), and the Commissioner's Response to Plaintiff's Objections (ECF No. 20). For the reasons that follow, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, the Commissioner's decision is **AFFIRMED**.

## I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted).  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner or agency] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**II.**

Plaintiff, in his Statement of Errors, challenged the administrative law judge's ("ALJ") finding that his only severe mental disorder is a personality disorder and that his only resulting mental limitations allowed for a full range of unskilled work with reduced interaction with supervisors, co-workers, and the public and the ability to tolerate only occasional changes in a work setting or assignment. Plaintiff maintained that the assignment of a Global Assessment of Functioning ("GAF") score of 50[1] "is proof of the severity of the impairment." (Pl.'s Statement of Errors 11, ECF No. 16-1.) Finally, Plaintiff maintained that the ALJ should have included additional limitations to account for Plaintiff's depression.

After summarizing the hearing testimony, medical records, administrative decision, and standards governing the review of an administrative law judge's decision, the Magistrate Judge considered each of Plaintiff's contentions of error. The Magistrate Judge first concluded that the ALJ did not commit reversible error in failing to include depression as a severe impairment at step two of the sequential evaluation. She reasoned as follows:

> The Undersigned finds that the ALJ did not commit reversible error in omitting depression from his step-two listing of severe impairments. Where the ALJ determines that a claimant had a severe impairment at step two of the analysis, "the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence." *Pompa v. Comm'r of Soc. Sec.*, No. 02-2335, 73 F. App'x 801, 803, (6th Cir. Aug. 11, 2003). Instead, the pertinent inquiry is whether the ALJ considered the "limiting effects of all [claimant's] impairment(s),

---

[1]The GAF scale is used to report a clinician's judgment of an individual's overall level of functioning. Clinicians select a specific GAF score within the ten-point range by evaluating whether the individual is functioning at the higher or lower end of the range. *See* Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 4th ed., Text Revision at pp. 32-34 ("DSM-IV-TR"). A GAF score of 41-50 is indicative of an individual having "serious symptoms . . . or serious impairment in occupational, social, or school functioning" *Id.* at 34.

>even those that are not severe, in determining [the claimant's] residual functional capacity." 20 C.F.R. § 404.1545(e); *Pompa*, 73 F. A'ppx at 803 (rejecting the claimant's argument that the ALJ erred by finding that a number of her impairments were not severe where the ALJ determined that claimant had at least one severe impairment and considered all of the claimant's impairments in her RFC assessment); *Maziarz v. Sec. of Health & Hum. Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (same). Here, after concluding that Plaintiff had the severe mental impairment "best described" as personality disorder, the ALJ proceeded to consider the record evidence to determine the limiting effects if his mental impairments on his activities of daily living, social functioning, and concentration, persistence, and pace for purposes of formulating his RFC. In doing so, the ALJ offered reasonable explanations for his rejection of limitations more severe than he incorporated into the RFC.

(Feb. 13, 2013 Report and Rec. 15–16, ECF No. 18.) The Magistrate Judge further found that the ALJ had advanced good reasons for omitting depression from his step-two findings and that substantial evidence supports his stated reasons. She likewise found no error with the ALJ's RFC formulation. Noting that Plaintiff had "neglect[ed] to specify what limitations he thought should be incorporated," the Magistrate Judge nevertheless concluded that "the ALJ offered reasonable explanations for his rejection of limitations more severe than he incorporated into the RFC." (*Id*. at 15–16.) She reasoned as follows:

>Regardless, the ALJ offered good reasons for his step-two and step-five findings, and his stated reasons are supported by substantial evidence. Specifically, the ALJ adopted Dr. Meyer's assessment, noting that it was consistent with and well-supported by the record as a whole and reflected an accurate representation of Plaintiff's mental status. (R. at 18.) The ALJ further concluded that the record evidence he received after Dr. Stailey-Steiger's reconsideration determination "did not provide any credible or objectively supported new and material information" that would alter Drs. Meyer and Stailey-Steiger's findings. (*Id*.) Drs. Meyer and Stailey-Steiger opined that Plaintiff was only partially credible and specifically concluded that the medical record did not support the diagnoses of depression. (R. at 323.) Dr. Meyer referenced Plaintiff's documented history of malingering in support of his opinion. (*Id*.) The ALJ likewise found Plaintiff to lack credibility, a determination he does not challenge here.
>
>Further, in connection with his adoption of Dr. Meyer's assessment and formulation of Plaintiff's RFC, the ALJ advanced good reasons for declining to

> credit the opinions of other medical sources insofar as their opinions were inconsistent with his findings. For example, the ALJ rejected Drs. Sarver's finding of more severe limitations as unsupported by objective medical evidence and because he relied, in part, on Plaintiff's subjective allegations, which the ALJ concluded lacked credibility. (R. at 19.) Consistent with the ALJ's stated reasons, Dr. Sarver's report reveals that he observed "no obvious distress"; "no emotional lability"; and no "motoric indications of depression or anxiety"; and "no difficulty . . . with attentional pace or persistence." (R. at 316.) Similarly, the evaluation and treatment notes of Drs. White, Resh, and Wyatt reflect that they, too, relied upon Plaintiff's subjective allegations. Dr. White's notes reflect that Plaintiff was alert and smiling with a generalized affect. (R. at 381.) He explicitly noted that Plaintiff "did not display over signs of anxiety" and that he relied upon Plaintiff's reported symptoms to arrive at his diagnosis of depressive disorder, not otherwise specified. (R. at 381, 383.) In September 2009, Dr. Wyatt described Plaintiff's presentation as "somewhat confusing," explaining that his appearance and behavior did not match his complaints. (R. at 491.) He further explained that while Plaintiff complained of feeling "terribly depressed," he displayed an "incongruent euthymic jovial affect." (*Id*.) In December 2009, Dr. Wyatt again noted Plaintiff's "continued incongruency between [his complaints] and appearance." (R. at 489.) The ALJ similarly rejected Ms. Morris' and Dr. Hayes' mental functional capacity assessment as inconsistent with and unsupported by the record evidence. He pointed out that it appeared that Ms. Morris based her opinions on Plaintiff's subjective complaints and that she did not have access to all of the medical evidence in the record. The ALJ also pointed out that her conclusions did not constitute a specific assessment of the nature and severity of Plaintiff's impairments. (R. at 19–20.)

(*Id*. at 16–18 (footnote omitted).) The Magistrate Judge also noted that "Dr. Sarver expressly attributed each of the limitations he opined to Plaintiff's personality disorder" such that his opinion "does not support Plaintiff's contention that the ALJ erred in failing to incorporate more restrictive limitations into his RFC to account for limitations resulting from depression." (*Id*. at 17 n.7.) Finally, the Magistrate Judge rejected Plaintiff's contention that a GAF score establishes the severity of an impairment for purposes of a step-two determination, explaining as follows:

> Plaintiff's contention that the GAF score Drs. Sarver and White assigned him proves the severity of his depressive condition lacks merit for a number of reasons. First, a GAF score represents a "snapshot" of a person's "overall psychological functioning" at or near the time of the evaluation. *See Martin v. Commissioner*, 61

> F. App'x 191, 194 n. 2 (6th Cir. 2003); *see also* DSM-IV-TR at 32–34. "As such, a GAF assessment is isolated to a relatively brief period of time, rather than being significantly probative of a person's ability to perform mental work activities on a full-time basis." *Arnold v. Astrue*, No. 10-cv-13, 2010 WL 5812957, at *8 (S.D. Ohio Oct. 7, 2010). Further, "the Commissioner has declined to endorse the GAF score for use in the Social Security and SSI disability programs, and has indicated that GAF scores have no direct correlation to the severity requirements of the mental disorders listings." *Kennedy v. Astrue,* 247 F. App'x 761, 766 (6th Cir. 2007) (internal quotation marks and citations omitted). Regardless, as set forth above, the ALJ provided good reasons for not crediting these doctors' assessments to the extent they conflicted with his stated RFC.

(*Id*. at 18.)

In his Objections, Plaintiff, without engaging the Magistrate Judge's analysis, first asserts that he "objects to the magistrate [judge's] recommendation . . . that the ALJ did not commit reversible error in omitting depression from his step-two listing." (Pl.'s Obj. 1, ECF No. 20.) He also takes issue with the Magistrate Judge's assertion that he neglected to specify what additional limitations he believed should have been included in the ALJ's RFC assessment. Finally, Plaintiff asserts that he objects to the Magistrate Judge's rejection of Drs. Sarver, White, and Hayes' opinions, noting that these doctors found Plaintiff to be cooperative and an accurate historian.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge. As a preliminary matter, the Court adopts and incorporates by reference the Magistrate Judge's summarization of the hearing testimony, medical records, and administrative decision. Turning to Plaintiff's challenge of the ALJ's step-two determination, the Court agrees with the Magistrate Judge that the ALJ's decision to omit depression from his step-two listing of severe impairments did not constitute reversible error. The Magistrate Judge correctly explained that where the ALJ finds at least one severe impairment, whether or not he

6

characterized other alleged impairments as severe at step two, is insignificant so long as the ALJ considers the limiting effects of all impairment in formulating the RFC.  Here, after the ALJ found that Plaintiff had at least one severe mental impairment, he proceeded to consider the limiting effects of Plaintiff's mental impairments for purposes of formulating his RFC.  For this reason, the Court agrees that the ALJ committed no reversible error at step-two.  Moreover, as the Magistrate Judge explained, the ALJ advanced good reasons for omitting depression from his step-two determination.  For example, the ALJ adopted Drs. Meyer and Stailey-Steiger's assessments in which they opined that the medical record did not support the diagnosis of depression, finding their assessments to be consistent with and well-supported by the record as a whole.

       Plaintiff's challenge to the Magistrate Judge's notation that he failed to specify which additional limitations he believed should have been included in the RFC assessment to account for his alleged depression is equally unpersuasive.  Although Plaintiff generally noted that various doctors' reports "establish that the limitations . . . are more extensive than that found by the ALJ" and also that Ms. Morris and Dr. Hayes had identified "numerous marked limitations," he did not specify with particularity which additional limitations he believed that the ALJ should have incorporated.  (Pl.'s Statement of Errors 11, ECF No. 16-1.)  Regardless, the challenge lacks significance in light of the Magistrate Judge's subsequent finding that the ALJ advanced good reasons for discounting Ms. Morris' and Dr. Hayes' assessments.

       Plaintiff's final challenge reveals his misunderstanding of the nature of this Court's review of the Commissioner's decision.  Plaintiff asserts that "the magistrate [judge] rejected the opinions of Dr. Sarver, Dr. White, and Dr. Hayes" and that he "objects to the recommendation of

the magistrate [judge] that the opinions of Dr. Saver, Dr. White, Ms. Morris, and Dr. Hayes are not supported by the overwhelming weight of the evidence in this case." (*Id.* at 1–2.) The Magistrate Judge, however, did not reject these source's opinions or recommend that the opinions were not sufficiently supported. Instead, the Magistrate Judge found that the ALJ had advanced good reasons for declining to credit the opinions of other medical sources insofar as their opinions were inconsistent with his findings and that his stated reasons were supported by substantial evidence. This is a critical distinction because as set forth above, this Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy*, 594 F.3d at 512 (quoting *Rogers*, 486 F.3d at 241); 42 U.S.C. § 405(g). Beyond noting that these medical sources found him to be cooperative and an accurate historian, Plaintiff fails to meaningfully engage the Magistrate Judge's analysis concerning whether substantial evidence supports the ALJ's stated reasons for declining to further credit the opinions of other medical sources. Having reviewed the record, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's RFC determination.

## III.

In sum, having conducted a *de novo* review, the Court finds Plaintiff's Objections to be without merit and the reasoning and analysis of the Magistrate Judge to be correct.  Accordingly, Plaintiff's Objections (ECF No. 19) are **OVERRULED**; the Report and Recommendation (ECF No. 18) is **ADOPTED**; and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**